UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JARED,<br><br>　　　　Respondent. | No. 2:20-cv-0934 AC P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF Nos. 2, 5. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

Petitioner seeks early release from custody on the ground that his conditions of confinement violate the Eighth Amendment's prohibition against cruel and unusual punishment. ECF No. 1. Specifically, he asserts that it is a violation of his rights to keep him in custody during the COVID-19 pandemic because he is eligible for parole consideration on January 7, 2021, has been a model prisoner during his one-and-a-half years in custody, and his entire family has been negatively affected by the pandemic. Id. at 4, 14. He further alleges that the prison is not equipped to handle the pandemic, he has many pre-existing conditions that make him

1

especially susceptible to COVID-19, he is being sexually harassed by his doctor at the prison, and he has been denied treatment for his medical conditions both before and during the pandemic. Id. at 7, 13-17.

Federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Although petitioner seeks release from confinement, the claims in the petition relate to the conditions of his confinement rather than the legality or duration of his sentence or conviction. "Habeas is not available for review of the conditions of confinement," and petitioner's claims are therefore more appropriately brought pursuant to 42 U.S.C. § 1983. Martinez v. Penarosa, 91 F.3d 153 (9th Cir. 1996) (citation omitted) (unpublished table decision affirming district court's decision to construe a habeas petition as a complaint under § 1983 where petitioner sought release from prison as remedy for unconstitutional treatment for glaucoma); Turay v. Seling, 100 F. App'x 606, 608 (9th Cir. 2004) ("remedy for the allegedly unconstitutional conditions of [petitioner's] confinement is a § 1983 action, not total release from custody" (citation omitted)); Bowman v. California, No. EDCV 19-0184 RGK (RAO), 2019 WL 4740538, at *2, 2019 U.S. Dist. LEXIS 167369, at *3 (C.D. Cal. June 26, 2019) ("[T]he exclusive vehicle for Petitioner's claims regarding the adequacy of his medical care is Section 1983. This is so even though Petitioner also requests release from custody." (citing Shook v. Apker, 472 F. App'x 702, 702-03 (9th Cir. 2012))). The petition should therefore be dismissed.

Additionally, the court should decline to offer petitioner the option to convert his claims to an action under § 1983. A habeas corpus action and a prisoner civil rights suit differ in a variety of respects, such as the proper defendants, type of relief available, filing fees and the means of collecting them, and restrictions on future filings. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). For example, unlike in a habeas action, a civil rights action would require petitioner to pay the full amount of the $350.00 filing fee, even if he is given leave to proceed in forma pauperis under 28 U.S.C. § 1915. Petitioner would be responsible for an initial partial filing fee and thereafter payments from his trust account would be forwarded to the clerk of court any time the amount in the

account exceeded $10 until the filing fee was paid. 28 U.S.C. § 1915(b)(1)-(2). Additionally, the exhaustion requirements for a § 1983 case also differ from those required in a habeas action, and the court notes that while the attached grievance demonstrates that petitioner may have exhausted administrative remedies as to some claims, it appears that he may not have exhausted his remedies with respect to his claims regarding the conditions caused by the COVID-19 pandemic. ECF No. 1 at 8-12. Due to these differences, the disadvantages that re-characterization may have on petitioner's claims, and the recent nature of the alleged violations which allays any concerns about the statute of limitations, this court should decline to provide the option to re-characterize the petition as a civil rights complaint. If petitioner wishes to challenge the conditions of his confinement, he should do so by filing a separate civil rights complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 2, is granted.

2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be denied without prejudice to filing his claims in a new action under 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 15, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE