UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON, | No. 2:20-cv-00934-KJM-AC |
| Petitioner, | |
| v. | ORDER |
| JARED, et al., | |
| Respondents. | |

Petitioner Paul Samuel Johnson moves for reconsideration of the undersigned's adoption of Magistrate Judge Allison Claire's findings and recommendations recommending the dismissal of his habeas corpus petition. Mot., ECF No. 27.

The court may grant a timely motion for relief from a judgment, order or proceeding based on:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

1

   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

   Petitioner's sole ground for relief here is, he says, "for this court to tell me to ask for a release on a 1983 civil rights claim is flat out illegal & outrageous, do you not know the law? No one can be released on a 1983 claim, only on a writ, which is why I filed this writ!!!" Mot. at 1.  He does not substantively address the reasoning of either Judge Claire or the undersigned in adopting the findings and recommendations.  In those findings and recommendations, Judge Claire noted habeas corpus relief may not be granted for challenges to the conditions of a prisoner's confinement as opposed to the legality or duration of his sentence or conviction.  F&Rs at 2, ECF No. 7.  Petitioner's claims relate solely to the conditions of his confinement during the ongoing COVID-19 pandemic, rather than the legality of his conviction and confinement.  *See* Pet. at 4, ECF No. 1 (asserting, "This writ here is about the 'covid19 pandemic'" and confinement violates Eighth Amendment).

   As a result, Judge Claire recommended petitioner's habeas corpus petition be denied without prejudice to refiling as a § 1983 action, the proper vehicle for redress of those claims.  F&Rs at 2.  Petitioner advances no reasoned argument why this conclusion is wrong in the instant motion.  Absent a legal ground for relief under Rule 60, the court DENIES petitioner's motion.

   IT IS SO ORDERED.

DATED: September 10, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE